

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 14, 1939

Mrs. Faye Stewart, President
State Board of Cosmetology
Austin, Texas

Dear Mrs. Stewart:

Opinion No. 0-319
Re: — The right of a shop owner,
closed for one year or more,
to re-open on the payment of
the renewal fee.

Your request for an opinion as to whether
a licensed shop owner may re-open a shop closed for
one year or more by securing a renewal license has
been received by this Department.

Section 18 of Article 734b reads as fol-
lows:

"The first certificate of registra-
tion and license shall be valid until
August 31, 1936. Thereafter no certifi-
cate or license shall be issued for a
longer period than one (1) year and
shall expire on the 31st day of August,
of the year for which they are issued
unless renewed prior to that date. The
holder of an expired certificate or li-
cense may have said certificate or li-
cense restored within one (1) year after
the date of expiration, upon the payment
of the required renewal fee and satis-
factory proof of his or her qualifica-
tions to resume practice."

Section 18(a) provides for a renewal of
the license fee for conducting a beauty parlor upon

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the payment of five dollars. We construe Section 18a in view of the language of Section 18 to permit issuance of a renewal license upon application accompanied by five dollars, if the license is renewed prior to its expiration. If the license is permitted to expire and the applicant applies for a renewal license within one year after the date of expiration, by submitting satisfactory proof of qualifications and tendering five dollars, he or she is entitled to a "renewal license". We do not think he or she is entitled to a "renewal license" unless the renewal application is made within one year after the expiration of the old license.

The fact that this shop owner retained the same location and equipment during the time the shop was closed, would have no influence on our construction of the statutes since the shop was closed for a period of more than one year after the expiration of the shop license and no effort was made to renew the license within the year. It is conceivable that the same owner might close the shop for a period of several years and then decide to re-open and apply for a renewal license. We think the Legislature intended that under such a situation the applicant must meet the same requirements as a new applicant.

It is, therefore, the opinion of this Department that if a shop owner fails to renew his license on or before one year after the date of its expiration, he or she cannot secure a renewal license but must make application for a license and pay the ten dollar fee as required in Section 17 of Article 734b.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
(Signed)      Morris Hodges
                     Assistant

MH:ob
APPROVED:

(Signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS